# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BOBBY GARZA,

      Plaintiff,

vs.                                                                 No. CIV 02-1204 LH/ACT

WACKENHUT CORRECTIONAL
CORPORATION, LEA COUNTY
CORRECTIONAL FACILITY, WARDEN
JOE WILLIAMS, WARDEN PATRICK W.
SNEDECKER, MAJOR MICHAEL
MARTIN CAPTAIN DEAN SEYLER,
CAPTAIN VINCE HORTON,
LIEUTENANT SAMUEL PENNINGTON,
SERGEANT M. MARTIN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on the Defendants' Motion for Summary Judgment #1--Employment Discrimination Claims (Docket No. 45) and the Defendants' Motion for Summary Judgment #2--State Tort Claims (Docket No. 39). The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds that the motions are **well taken** and should be **granted**.

I.  Background

The Plaintiff was employed as a prison guard by Defendant Wackenhut Correctional Corporation [hereinafter "Wackenhut"], which operates the Lea County Correctional Facility in Hobbs, New Mexico.  Defendant Williams was the warden of the facility while the Defendant was employed there.  Defendant Snedecker was the security warden at the prison, and supervised the correctional staff.  The remaining individual Defendants were among the Plaintiff's superiors at the facility during his tenure there.

The Plaintiff was hired by Defendant Wackenhut on January 18, 1999, and was subsequently promoted to the rank of sergeant.  He resigned on December 30, 2000, just two weeks after being promoted.  The Plaintiff was re-hired as a correctional officer on May 21, 2001, and was terminated on February 13, 2003.  The allegations in the Plaintiff's complaint arose during his latter period of employment.  He filed suit against his corporate employer and his individual supervisors, alleging discrimination on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983, as well as Article II, § 18 of the New Mexico Constitution, and the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-1, *et seq.*  The Plaintiff's complaint is anything but a model of clarity, but apparently also intends to allege the state law torts of defamation and intentional infliction of emotional distress.

This Court granted the Defendants' motions to dismiss all claims against Defendants "Major Michael Martin" and "Sergeant M. Martin," as well as all Title VII claims against the individual Defendants.  Order Granting Mots. to Dismiss (Docket No. 57) at 1.  The Defendants have moved for summary judgment on the remaining claims in the Plaintiff's complaint.

## II. Legal Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

## III. Analysis

A. Employment Discrimination

Although the Plaintiff's complaint fails to set out separate counts or specific causes of action against the Defendants, the briefing on this motion has revealed that he is only pursuing a Title VII claim pursuant to a hostile work environment theory of recovery. This theory additionally states a claim pursuant to 42 U.S.C. § 1983, the New Mexico Constitution, and the New Mexico Human Rights Act.

"Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Haynes v. Williams*,

88 F.3d 898, 899 (10th Cir. 1996). For this reason, the Court granted the Defendants' motion to dismiss the Plaintiff's Title VII claims against the individual Defendants. Order Granting Mots. to Dismiss (Docket No. 57) at 1. In order to recover against the Defendant company, the "Plaintiff must establish that his employer had actual or constructive knowledge of the hostile work environment but did not adequately respond to notice of the harassment." *Ford v. West*, 222 F.3d 767, 776 (10th Cir. 2000) (internal quotations marks and citation omitted).

"For a hostile environment claim to survive a summary judgment motion, a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. While we judge that atmosphere both objectively and subjectively, we must look at all the circumstances from the perspective of a reasonable person in the plaintiff's position. Given this task, our precedent underscores the severity and pervasiveness evaluation is particularly unsuited for summary judgment because it is quintessentially a question of fact." *McCowan v. All Star Maint., Inc.*, 273 F.3d 917, 923 (10th Cir. 2001) (internal quotation marks and citations omitted).

"To establish a racially hostile work environment, however, plaintiffs must prove more than a few isolated incidents of racial enmity. Casual comments, or accidental or sporadic conversation, will not trigger equitable relief pursuant to the statute. Instead, there must be a steady barrage of opprobrious racial comment. Title VII is violated only where the work environment is so heavily polluted with discrimination as to destroy the emotional and psychological stability of the minority [employee]." *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1412-13 (10th Cir. 1987) (internal quotation marks and citations omitted). The Court must examine the record as a whole, including the context

in which the alleged discrimination occurred, which includes conduct that is not itself race-based but nonetheless forms a part of the work environment. *McCowan*, 273 F.3d at 925. The Defendants have shown by deposition and affidavit testimony that there is an absence of evidence to support the nonmoving party's case, and have thus carried their burden at this stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden now shifts to the Plaintiff to go beyond his pleadings and demonstrate that a triable issue of fact exists. FED. R. CIV. P. 56(e). The Plaintiff claims that he was subjected to "racial slurs mixed in with other hostile but racially neutral conduct." Mem. in Supp. of Pl.'s Resp. to Defs.' Mot. for Summ. J. #1 (Docket No. 54) at 5. The Plaintiff submitted affidavits of four former co-workers, each of whom stated that he had heard Defendant Pennington use racial epithets, as support for his claim. None of the statements chronicled in those affidavits or in the Plaintiff's deposition were directed to the Plaintiff, however. The Plaintiff himself admitted that neither Defendant Pennington nor any other co-worker ever directed a racial slur to him, and that he merely overheard two such comments. While the Court in no way condones such behavior, it is simply not the "steady barrage of opprobrious racial comments constituting a hostile environment sufficiently pervasive to support an inference that Plaintiff's employer had constructive or actual notice of the alleged harassment." *Ford*, 222 F.3d at 778.

    The Plaintiff further alleges that various other "hostile but racially neutral conduct" supports his hostile work environment claim. The Plaintiff claims that he was assigned to what the prison staff considered "punishment posts," including the metal detector, food service, and the "sweat lodge." However, the Plaintiff admitted that he was assigned to both the metal detector and food service posts with some regularity prior to February, 2002. Br. in Supp. of Defs.' Mot for Summ. J. #1

(Docket No. 42), Ex. DD.  He further admitted that the food service detail is always manned by a correctional officer.  Br. in Supp. of Defs.' Mot for Summ. J. #1 (Docket No. 42), Ex. CC.

Furthermore, the Defendants offered affidavit testimony that the Plaintiff was only assigned to work at the metal detector eight times between February 2, 2002 and February 13, 2003, and was only assigned to the food service post once during that period.  Br. in Supp. of Defs.' Mot for Summ. J. #1 (Docket No. 42), Ex. EE at 2.  While the Plaintiff did not admit those facts in his response to the motion, he did not offer any evidence to the contrary.  The Plaintiff "may not rest upon the mere allegations or denials of [his] pleading, but [his] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).

The Plaintiff offered affidavits in response to the motion, but they did not contradict these facts.  The Plaintiff did not offer evidence "as otherwise provided in" Rule 56, and could not, as he has conducted no discovery whatsoever.  Therefore, even if the Plaintiff has created an issue of fact as to whether the metal detector and food service are "punishment posts," he has failed to do so with regard to whether he was posted there with sufficient regularity to actually constitute punishment or any more often than his fellow correctional officers.  Likewise, he has presented no evidence that he was assigned to these posts because of his national origin.

To be sure, the racial slurs and assignments to punishment posts are a part of the totality of circumstances which a jury would be required to consider in evaluating whether the Plaintiff's work environment was in fact hostile.  *McCowan*, 273 F.3d at 925.  So too, though, is the Plaintiff's work performance.  Because the Plaintiff failed to go beyond his pleadings and offer evidence to the contrary in response to the Defendants' motion, the Defendants have established for the purpose of

their motion that the Plaintiff failed to answer his radio as required, failed to conduct formal inmate counts and cell searches, was found both sleeping and playing ping-pong during his work shift, and had inappropriately fraternized with an inmate. Br. in Supp. of Defs.' Mot for Summ. J. #1 (Docket No. 42), Ex. B; Ex. EE at 3; Ex. NN.

Moreover, the Plaintiff alleges that he was "specifically singled out for punishment and disparate treatment because of his race." The Plaintiff is not the only Hispanic employed at the Lea County Correctional Facility, however. If the Plaintiff was in fact "singled out," it was more likely because of his job performance, which was unique, than his ethnicity, which was not. He has not alleged that all Hispanic employees were subjected to disparate treatment. If the treatment the Plaintiff allegedly suffered had in fact been motivated by his ethnicity, other Hispanics, perhaps those who swore out affidavits on the Plaintiff's behalf, would likely have suffered the same treatment. The Plaintiff has offered no evidence of such treatment.

In light of the totality of the circumstances, the Plaintiff has failed to establish a genuine issue of material fact as to whether the workplace was "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *McCowan*, 273 F.3d at 923. He has offered no evidence at all of "a steady barrage of opprobrious racial comment." *Hicks*, 833 F.2d at 1412-13. The Defendants' motion for summary judgment on the Plaintiff's Title VII claim will therefore be granted.

The elements of the Plaintiff's case pursuant to Title VII are the same as his causes of action under 42 U.S.C. § 1983, *Drake v. City of Ft. Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991), the New Mexico Constitution, *Richardson v. Carnegie Library Rest.*, 107 N.M. 688, 693, 763 P.2d 1153, 1158

(1988), *overruled on other grounds by Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶ 36 125 N.M. 721, 731, and the New Mexico Human Rights Act, *Smith v. FDC Corp.*, 109 N.M. 514, 517, 787 P.2d 433, 436 (1990). For the reasons discussed previously, the Plaintiff has not established that a triable fact issue exists with regard to these causes of action either. The Defendants' motion will be therefore granted as to these claims as well.

B.  State Tort Claims

    1.  Defamation

The Plaintiff alleges that two separate statements made by Defendants here were defamatory. First, the Plaintiff alleges that Defendant Seyler stated to the Plaintiff's wife and two others that an inmate had purchased the Plaintiff's home for him. Among the elements of a defamation cause of action are that the Defendants published a statement of fact that was false, that the speaker knew to be or negligently failed to recognize was false, and that caused actual injury to the Plaintiff's reputation. Rule 13-1002 NMRA. The Plaintiff is correct that a statement that prejudices a plaintiff in his profession or trade is defamatory *per se*. *Newberry v. Allied Stores*, 108 N.M. 424, 429 (N.M. 1989). However, the Plaintiff must still prove that the statement was false, and that the Defendant knew it was false.

The Defendants have carried their burden at this stage by pointing out to this court that there is an absence of evidence to these elements of the Plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden now shifts to the Plaintiff to go beyond his pleadings and demonstrate that a triable issue of fact exists. FED. R. CIV. P. 56(e). There is deposition testimony indicating that the statement was published to two other correctional officers present with the Plaintiff's wife and

Defendant Seyler. Br. in Supp. of Defs.' Mot for Summ. J. #2 (Docket No. 40), Ex. D. However, the Plaintiff has provided no evidence to show that the statement was false or that Defendant Seyler knew it was false when he published it. In fact, both the Plaintiff and his wife testified at their depositions that the Plaintiff had discussed with an inmate allowing the latter to provide the down payment for the Plaintiff's home. Br. in Supp. of Defs.' Mot for Summ. J. #1 (Docket No. 42), Ex. B; Br. in Supp. of Defs.' Mot for Summ. J. #2 (Docket No. 40), Ex. D.

Moreover, the Plaintiff offered no evidence that the allegedly defamatory statement caused actual injury to the Plaintiff's reputation. The Plaintiff stated in his affidavit that co-workers who had heard about the statement second-hand "treated me differently. They were standoffish and did not seem to trust me." Mem. in Supp. of Pl.'s Resp. to Defs.' Mot. for Summ. J. #2 (Docket No. 50), Ex. 1. That is plainly insufficient evidence of injury to the Plaintiff's reputation to allow him to recover for defamation.

Should this defamation claim proceed to trial, the Plaintiff would bear the burden of proving each element of the cause of action. However, he has failed to demonstrate that a genuine issue of material fact exists as to a number of them. The Defendants are entitled to judgment as a matter of law, and their motion will be granted.

Secondly, the Plaintiff alleges that Sergeant Martin made defamatory statements about him during training sessions at the Lea County Correctional Facility. This Court has already granted Sergeant Martin's motion to dismiss the claims against her because she was not served with process. Order Granting Mots. to Dismiss (Docket No. 57) at 1. This claim has been dismissed with prejudice.

Finally, the Defendants correctly point out that while the Plaintiff's complaint contained allegations of another allegedly defamatory comment made by Defendant Pennington, the Plaintiff

failed to address that comment in his response to the Defendants' motion. He therefore also failed to demonstrate that a genuine issue of material fact exists. Summary judgment will be granted as to this claim as well.

### 2. Intentional Infliction of Emotional Distress

In order to recover on his claim for Intentional Infliction of Emotional Distress, the Plaintiff must prove that the Defendants' conduct was extreme and outrageous and that he experienced severe emotional distress. "Extreme and outrageous conduct is that which goes beyond bounds of common decency and is atrocious and intolerable to the ordinary person. Emotional distress is 'severe' if it is of such an intensity and duration that no ordinary person would be expected to tolerate it." Rule 13-1629 NMRA.

The Plaintiff alleges that the Defendants' acts caused "a significant change in his personality" and "weighed heavily on his mind." Mem. in Supp. of Pl.'s Resp. to Defs.' Mot. for Summ. J. #2 (Docket No. 50) at 6. The Plaintiff's wife testified at her deposition that the Plaintiff is "stressed out all the time," "sleeps a lot more," wants to go off with his friends more often," "is not a funny person like he used to be," and "is not outgoing like he used to be." Br. in Supp. of Defs.' Mot. for Summ. J. #2 (Docket No. 40), Ex. E.

The Plaintiff has offered no evidence that the intensity or duration of his emotional distress was such that an ordinary person could not be expected to tolerate it. It is clear from the pleadings that the emotional distress the Plaintiff alleges he suffered did not rise to the level necessary to recover on this cause of action. He admits that he has not sought mental health care for his emotional distress. The Court finds that no reasonable jury could find that the Plaintiff suffered

severe emotional distress as a result of the Defendants' conduct. The Defendants' motion will therefore be granted.

### IV.  Conclusion

The Plaintiff bears the burden of proving the elements of the causes of action he has alleged at trial, but has failed to demonstrate that a triable issue of material fact exists as to any of them. The Defendants are entitled to judgment as a matter of law on the remaining claims. Their motions for summary judgment will therefore be granted.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Summary Judgment #1--Employment Discrimination Claims is **granted**.

**IT IS FURTHER ORDERED** that the Defendants' Motion for Summary Judgment #2--State Tort Claims is **granted**.

**IT IS FURTHER ORDERED** that final judgment should be, and hereby is, entered in favor of the Defendants.

**IT IS SO ORDERED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**